IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cr-200-RAH |
| | ) | |
| JALEN DEVANTAE MCINTYRE | ) | |

**MEMORANDUM OPINION and ORDER**

Defendant Jalen Devantae McIntyre was charged on June 4, 2024, in an indictment with one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.)

On October 25, 2024, McIntyre filed a motion to suppress (Doc. 33), in which he sought to suppress evidence recovered from his vehicle. Claiming the officers did not have reason to prolong the investigatory stop, McIntyre contends all evidence seized and the fruits should be suppressed because the search and seizure violated the Fourth Amendment to the United States Constitution.

The Magistrate Judge held an evidentiary hearing on the motion. Thereafter, the Magistrate Judge recommended denial of the motion to suppress the seizure of the evidence. On December 20, 2024, McIntyre filed Objections (Doc. 47) to the

Magistrate Judge's Report and Recommendation (Doc. 44). Upon an independent and de novo review of the record, including a review of the transcript and video evidence, and for the reasons below, the Court overrules McIntyre's Objections.

## I.  STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions of the recommendation de novo. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommendation; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3).

De novo review requires the district court to independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). "Although *de novo* review does not require a new hearing of witness testimony, it does require independent consideration of factual issues based on the record." *Id.* (citation omitted). If the magistrate judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding. *Id.* This Court has reviewed the entire transcript of the suppression hearing, as well as the evidentiary materials.

## II.  DISCUSSION

The Magistrate Judge provided a thorough recitation of the facts in her Recommendation. Consequently, a summary of the facts related to the motion to

2

suppress is not necessary, as the Court adopts the Magistrate Judge's findings of fact.

### A. The Objections to Credibility Findings

McIntyre argues the Magistrate Judge erroneously denied his motion to suppress because the testimony of the Government's witnesses – two arresting officers – is not credible. First, he argues that Detective Rachel Mims Harmon contradicted her own testimony and the evidentiary record. He contends that, although she testified that she smelled marijuana when she first approached the vehicle, body camera footages establishes that she remarked to a fellow officer that "she did not know where the smell was coming from." (Doc. 47 at 2.) This Court has reviewed the transcript and the body camera footage. The Court does not read Detective Harmon's testimony as a material contradiction of the video evidence. In the video, Detective Harmon responded to another officer's comment that he smelled weed on McIntyre and stated, "*I keep catching a hint*, but I don't know where it's coming from." (Gov. Ex. 1 at 10:39.) When reviewing the evidentiary materials, including the transcript and body-camera footage, the Court finds Detective Harmon did smell hints of the odor of marijuana coming from the truck and that other officers also smelled marijuana around the vehicle or on the presence of McIntyre. And marijuana was in fact found in the vehicle.

McIntyre further argues that Investigator Jeffery Brown's testimony that he smelled the odor of raw marijuana coming from the vehicle is not credible because the amount of marijuana collected from his truck would not have been detectable outside a closed vehicle. As noted by the Magistrate Judge, there were no material discrepancies between Investigator Brown's testimony and the evidentiary record. Upon reviewing the transcript, this Court agrees that his testimony was candid, consistent, and withstood scrutiny on cross-examination. McIntyre's challenge to the Magistrate Judge's findings about the Government witnesses' testimony on the odor of marijuana is unavailing. The objections on this basis are due to be overruled.

### B. The Prolonging of the Stop

McIntyre's objections to the basis for prolonging the stop are likewise due to be overruled. McIntyre argues that Detective Harmon's request for reassurance from other officers about the source of the smell of marijuana establishes that she did not have reasonable suspicion to continue the stop beyond the scope of the domestic-violence investigation. He contends that the circumstances do not support a finding that Detective Harmon had the reasonable suspicion necessary to prolong the stop and develop probable cause to search the vehicle. McIntyre's objections are essentially the same as the arguments set forth in his motion to suppress and presented at the hearing before the Magistrate Judge. As discussed by the Magistrate Judge, the totality of the circumstances establish that Defendant Harmon had

reasonable suspicion to conduct an unrelated inquiry and to prolong the stop based on the odor of marijuana and McIntyre's actions. (Doc. 44 at 10-12.)

This Court agrees with the Magistrate Judge's thorough and well-reasoned Recommendation.

### III. CONCLUSION

Accordingly, it is

ORDERED that the Objections (Doc. 47) are OVERRULED, the Report and Recommendation (Doc. 44) of the Magistrate Judge is ADOPTED, and the Motion to Suppress (Doc. 33) is DENIED.

DONE, on this the 23rd day of December 2024.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE